STATE OF NORTH CAROLINA v. EDDIE COLLINS ALIAS DANNY K. McGREW

No. 7712SC739

(Filed 7 February 1978)

**1. Robbery § 3.2— defendant's clothing—competency to show identity**

In a prosecution for armed robbery, the trial court did not err in allowing evidence relating to the clothing defendant was wearing at the time of his arrest, since the evidence was relevant in identifying defendant, and it was not necessary that the victim give testimony positively identifying the clothing as that worn by the robber, only that it was similar.

**2. Criminal Law §§ 34.4, 46.1— defendant's flight—shoot out with officer—admissibility of evidence**

The trial court in an armed robbery case did not err in admitting evidence of a "shoot out" between defendant and a deputy sheriff which occurred when defendant attempted to flee, since such evidence was competent as tending to show guilt, and was admissible to show identity of the defendant.

**3. Robbery § 4.3— armed robbery—sufficiency of evidence**

Evidence was sufficient for the jury in a prosecution for armed robbery where it tended to show that a grocery store employee was robbed; the victim identified items of clothing worn by defendant at the time of his arrest as similar to those worn by one of the robbers; and defendant fled from officers and fired on them when they pursued him shortly after the robbery.

APPEAL by defendant from *Herring, Judge.* Judgment entered 6 April 1977 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 17 January 1978.

In a bill of indictment proper in form, defendant was charged with (1) the armed robbery of Janet Koonce on 10 September 1976 and (2) on the same date, assaulting Deputy Sheriff Jerry D. Maxwell with a firearm.

Prior to the trial defendant moved to suppress as evidence certain clothing belonging to him and the State moved to join the two offenses for trial. On 10 February 1977 Judge Godwin entered an order dismissing defendant's motion to suppress the evidence and thereafter he denied the State's motion for a joint trial of the offenses.

Defendant pled not guilty.

Evidence presented by the State tended to show:

At 11:20 a.m. on 10 September 1976, while Janet Koonce was working alone at Koonce's grocery, two white men entered the store carrying guns. One of the men was short and stocky, was wearing a dark blue windbreaker, blue pants, dark brown gloves with an index finger cut out, and a dark colored ski mask with designs of different colors and with the eyes cut out. The other man was tall and slender and was wearing a dark shirt, blue jeans and sunglasses. At gunpoint the men took money from the cash register, a gray money box and a pack of Salem cigarettes. Ms. Koonce went back into the stock room and heard the men leaving the store. She looked out the window and saw a green 1972 Chevrolet Nova parked on the side of the road. She then saw the two robbers run to the car, get in and ride off with a third man. Ms. Koonce immediately telephoned the sheriff's department and reported the incident, giving a description of the men and the automobile and identifying the road on which they were traveling.

Soon thereafter Officer Semel drove up behind the green Nova, turned on his blue lights and sirens and followed the vehicle. Other officers joined the chase. While Officer Maxwell was attempting to stop the Nova he observed a pair of brown gloves thrown from the car. Before the Nova stopped, the right passenger door opened and defendant, a short, stocky individual wearing a dark colored windbreaker and Levis, got out of the car carrying a shotgun and metal box and ran away. After chasing defendant the officers found him on a porch with a bullet wound in his leg and they later found a .12 gauge shotgun with two live rounds in it. One of the officers found a ski mask in the area of the arrest and another found a gray metal money box.

When defendant jumped out of the automobile and ran, he dropped a brown paper bag containing money. While Maxwell was chasing defendant, they exchanged shots. Maxwell recovered the money from the brown paper bag and the gloves which were thrown from the vehicle. Another officer removed a pair of sunglasses from the automobile and also a pack of Salem cigarettes and a pair of gloves with one of the index fingers cut out.

Ms. Koonce identified, among other things, the shotgun recovered by the officers as being "just like the one the masked man was carrying"; the ski mask they recovered as being the same type as that worn by the short robber; the brown gloves with one of the index fingers cut out and found in the automobile

as being just like the ones worn by the short robber; and the gray metal box and contents recovered by the officers as being property of Koonce's grocery taken by the robbers.

Defendant offered no evidence.

The jury found defendant guilty of armed robbery as charged and from judgment imposing prison sentence of not less than 40 nor more than 50 years, he appealed.

*Attorney General Edmisten, by Associate Attorney Marilyn R. Rich, for the State.*

*Ammons & Flora, by Fred L. Flora, Jr., for defendant appellant.*

BRITT, Judge.

[1] Defendant contends first that the court erred in denying his motion to suppress evidence relating to the clothing he was wearing at the time of his arrest. There is no merit in this contention.

Clothing worn by a person while in custody under a valid arrest may be taken from him for examination, and, when otherwise competent, the clothing may be introduced into evidence at the trial. *State v. Dickens*, 278 N.C. 537, 180 S.E. 2d 844 (1971). The evidence was competent in this case if it was relevant. Evidence is relevant if it has any logical tendency to prove the fact in issue. 1 Stansbury's N.C. Evidence § 77 (Brandis Rev. 1973). In this case the evidence was relevant in identifying defendant. Under the facts in this case it was not necessary that the victim give testimony positively identifying the clothing as that worn by the robber, only that it was similar. We hold that the evidence was properly admitted.

[2] Defendant contends next that the trial court erred in admitting evidence of a "shoot out" between him and Deputy Sheriff Maxwell. He argues that evidence of the altercation with Maxwell was not relevant to the issues in this case and that the sole effect of the evidence was to inflame the jury to his prejudice. We find no merit in this contention.

It is well settled that evidence of flight by a defendant after a crime has been committed is competent as tending to show guilt. 4 Strong's N.C. Index 3d, Criminal Law § 46. For a defend-

ant, while fleeing from police, to turn and shoot at them, we think is a stronger indication of guilt than the flight itself. We also think the evidence was admissible to show identity of the defendant. *See Ibid* § 34.5. If the evidence tending to show the commission of another offense by the defendant reasonably tends to prove a material fact in issue in the case being tried, the evidence will not be rejected merely because it incidentally shows that defendant is guilty of another crime. *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). We hold that the evidence complained of was admissible.

We find no merit in defendant's contention that the court erred in admitting into evidence State's Exhibits 1 through 10. These exhibits, consisting of defendant's clothing, a gun, ski mask, metal box, etc., were sufficiently identified and were relevant to the issues being tried. *State v. Patterson*, 284 N.C. 190, 200 S.E. 2d 16 (1973).

[3] Defendant's contention that the court erred in denying his motion for nonsuit is without merit. His argument on this contention is based primarily on the premise that the court erred in admitting the evidence hereinabove discussed and that without that evidence the State did not make out a case. Having held that the challenged evidence was properly admitted, we now hold that the evidence presented was more than sufficient to survive the motion for nonsuit.

Defendant contends next that the court erred in certain of its instructions to the jury. We note first that defendant did not comply with Rule 10 of the Rules of Appellate Procedure (287 N.C. 671, 698, 699) in noting exceptions to the portions of the charge he challenges. Nevertheless, we have reviewed the charge, with particular regard to the portions complained of, and conclude that the charge is free from prejudicial error.

We have considered the other contentions argued in defendant's brief but conclude that they too are without merit.

In defendant's trial and the judgment appealed from, we find

No error.

Judges HEDRICK and WEBB concur.